## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br>REVENANT DENVER INC. f/k/a FUTURUM COMMUNICATIONS CORPORATION,<br>    Debtor. | Case No. 21-11331-KHT<br>Chapter 11 |
| In re:<br>REVENANT DURANGO INC. f/k/a BRAINSTORM INTERNET, INC<br>    Debtor. | Case No. 21-12549-KHT<br>Chapter 11 |
| In re:<br>REVENANT EAGLE INC. f/k/a SAN ISABEL TELECOM, INC.<br>    Debtor. | Case No. 21-12534-KHT<br>Chapter 11<br><br>**(Jointly Administered Under Case No. 21-11331-KHT)** |

### OFFER OF PROOF IN SUPPORT OF ORDER CONFIRMING SECOND AMENDED CHAPTER 11 PLAN PROPOSED BY DEBTORS DATED JULY 6, 2022

Revenant Denver Inc., Revenant Durango Inc. and Revenant Eagle Inc. ("Debtors") through their respective undersigned counsel, submit their Offer of Proof in Support of Confirmation of their Second Amended Chapter 11 Plan Proposed by Debtors Dated July 6, 2022 (this "Offer") as follows:

1.     On March 21, 2021, Revenant Denver, Inc. (filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code [Docket No. 1].

2.     On May 12, 2021, Revenant Durango, Inc. and Revenant Eagle, Inc commenced their respective chapter 11 cases.

3.     On November 30, 2021, the Court approved a sale of substantially all of Debtors' assets to Vero Broadband LLC f/k/a Denver VoIP, which included the assumption and assignment of substantially all of Debtors' executory contracts. [Docket No. 472]. Closing occurred effective as of January 1, 2022.

4.     As part of the sale, Debtors' former Chief Executive Officer Jawaid Bazyar became an employee of Purchaser. In anticipation of needing replacement management, Debtors sought court approval to employ r$^2$ Advisors LLC and Thomas M. Kim as Chief Restructuring Officer

(the "CRO"). [Docket No. 460]. Employment of r² Advisors LLC and Thomas M. Kim was approved December 16, 2021. [Docket No. 515].

5.      On July 6, 2022, Debtors filed their Second Amended Plan of Reorganzation propsoed by Debtors dated July 6, 2022 (together with the First Modification and Second Modification (as defined below) are the "Plan") [Docket No.764], and their Modified Disclosure Statement for Second Amended Plan of Reorganization dated July 6, 2022 (the "Disclosure Statement"). ¹ [Docket No. 765].  By order dated July 15, 2022, the Court set (a) July 20, 2002, as the date by which Debtors were required to mail the Plan and voting package, (b) August 22, 2022, as the date by which ballots and objections were due, and (c) August 29, 2022 as the date of the confirmation hearing. [Docket No. 774].

6.      As required by the order, Debtors timely served a copy of the Plan, the Disclosure Statement for the Plan, and the applicable ballots on all creditors (as well as equity security holders and other parties in interest), on July 20, 2022, as indicated by the Certificate of Service filed such date. [Docket No. 780].

7.      On August 22, 2022, Debtors filed a Notice of Modification of Second Amended Chapter 11 Plan Proposed by Debtors Dated July 6, 2022 Pursuant to § 1127(a) of the Bankruptcy Code (the "First Modification"). [Docket No. 797].

8.      Also on August 22, 2022, the United States Trustee filed its Limited Objection to Confirmation of Second Amended Chapter 11 Plan Proposed by Debtors Dated July 6, 2022 (the "UST Objection").

9.      On August 26, 2022, Debtors filed their Notice of Second Modification of Second Amended Chapter 11 Plan Proposed by Debtors Dated July 6, 2022 Pursuant to § 1127(a) of the Bankruptcy Code (the "Second Modification"). [Docket No. 805]. Debtors are authorized to state the Second Modification Resolves the UST Objection.

10.     Attached hereto as **Exhibit A** is the Verified Statement of Thomas M. Kim in Support of Second Amended Plan of Reorganzation propsoed by Debtors dated July 6, 2022 (the "Verified Statement"). This Verified Statement provides an evidentiary basis for findings contained in the proposed order confirming the Plan.

## 11 U.S.C. § 1129 ANALYSIS

11.     The Plan complies with all applicable provisions of the Bankruptcy Code as required by §1129(a)(1) of the Bankruptcy Code, including, without limitation, §§ 1122 and 1123 of the Bankruptcy Code, for the following reasons:

(i)      With respect to § 1122(a) of the Bankruptcy Code, the Plan's classification scheme is reasonable and necessary to implement the Plan, and each of the Claims or Interests within each particular Class is substantially similar to the other Claims or Interests in such Class. *[Plan Article 3]*.

---

¹ The Court approved a prior version of the Disclosure Statement on April 27, 2022.

(ii)     The Plan fully complies with the mandatory requirements set forth at §1123(a) of the Bankruptcy Code, as it:

(1)     designates classes of Claims (Classes 1-6), other than Claims of a kind specified in §§ 507(a)(2), 507(a)(3), or 507(a)(8) of the Bankruptcy Code, and classes of Interests *[Plan Articles 3-6]*;

(2)     specifies the treatment of all Classes of Claims or Interests that are not impaired under the Plan, namely Classes 1-3  *[Plan Article 5]* and all Claims that are impaired under the Plan *[Plan Article 6]*;

(3)     provides the same treatment for each Claim or Interest of a particular Class, unless the holder of a particular Claim or Interest agrees to a less favorable treatment of such particular Claim or Interest *[Plan Articles 5, 6]*;

(4)     provides adequate means for the Plan's implementation by distribution of property of the estates, namely cash, among those having an interest in such property of the estates *[Plan Articles 2, 8 and 9]*; and

(5)     contains only provisions that are consistent with the interests of creditors and Equity Interest holders and with public policy with respect to the manner of selection of any officer or director under the Plan and any successor to such officer or director, as Debtors shall continue to be managed by r2 advisors llc, the Chief Restructuring Officer. *[Plan Article 8]*.

12.     All provisions of the Plan are consistent with the permissive provisions which may be incorporated into a chapter 11 plan as set forth in § 1123(b) of the Bankruptcy Code.

13.     Debtors have complied with the applicable provisions of the Bankruptcy Code including the requirements of § 1125 of the Bankruptcy Code in connection with the solicitation of acceptances to the Plan. Therefore, Debtors have satisfied the confirmation requirements of §1129(a)(2) of the Bankruptcy Code.

14.     The Plan has been proposed in good faith and not by any means forbidden by law. Debtors have proposed the Plan with a reasonable belief in the likelihood that the Plan will achieve its intended result, namely payment in full of all allowed claims in Classes 1 through 5, which is consistent with the purposes of the Bankruptcy Code, as supported by the Declaration.  Therefore, the Plan satisfies the requirements of § 1129(a)(3) of the Bankruptcy Code.

15.     The Plan provides that all Allowed Administrative Claims will be paid on the Plan Effective Date, or as otherwise agreed with the holder of such Allowed Administrative Claims *[Plan Articles 4.A and 9A]*. Therefore, the Plan satisfies the confirmation requirement of § 1129(a)(4) of the Bankruptcy Code.

16.     The identity and affiliation of the entity and individual proposed to serve as continuing management of Debtor has been fully disclosed in the Disclosure Statement. Disclosure Statement. *[Plan Article 8D]*. Continued management of Debtor as proposed is consistent with the interests of creditors and with public policy.  Debtor has therefore satisfied the requirements of § 1129(a)(5) of the Bankruptcy Code.

17.     The Plan does not provide for any rate changes requiring the approval of a government regulatory commission.   Therefore § 1129(a)(6) of the Bankruptcy Code is inapplicable.

18.     All Allowed Claims, except perhaps for Class 6, Subordinated Insider Claims, are to be paid in full with interest at the legal rate specified in Bankruptcy Code § 726(a)(5), with any surplus remaining in Debtor. Additionally, all creditors in Classes 4 and 5 who voted accepted the Plan. Thus, each holder of a Claim in Classes 4 and 5 will receive or retain under the Plan, on account of each Claim or Interest, property of a value as of the Effective Date of the Plan that is not less than the amount such holder would receive or retain if Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date.   Therefore, the Plan satisfies the "best interests of creditors" test under § 1129(a)(7)(A)(ii) of the Bankruptcy Code as to creditors in these Classes.

19.     Class 6 is impaired and may not be paid in full. However, all Class 6 creditors accepted the Plan. Thus, § 1129(a)(7)(A)(i) of the Bankruptcy Code is satisfied.

20.     Class 7A consists of Equity Interests in Revenant Denver, which is impaired. All Revenant Denver Shareholders who voted accepted the Plan. The Equity Interests in Revenant Denver remain in place and may receive any surplus fund remaining after satisfaction of all Allowed Claims. Since Debtors sold substantially all of their assets and cash will not be used for new business activities, Equity Interest Holders in Revenant Denver will receive no less than they would in a liquidation.

21.     Class 7B consists of preferred Equity Interests in Revenant Eagle, which is impaired. The Plan proposes a settlement whereby the Revenant Eagle Preferred Shareholder is receiving a $100,000 Class 4 Claim in exchange for her preferred Equity Interest being cancelled. *[Article 6D2]* The holder of this Claim did not vote. However, the holder will receive under the Plan, on account of such Equity Interest, property of a value as of the Effective Date of the Plan that is not less than the amount such holder would receive or retain if Revenant Eagle was liquidated under Chapter 7 of the Bankruptcy Code on such date.   Therefore, the Plan satisfies the "best interests of creditors" test under § 1129(a)(7)(A)(ii) of the Bankruptcy Code.

22.     No election for application of § 1111(b)(2) of the Bankruptcy Code by any Class of secured creditors has been made, and further, all such allowed claims are to be paid in full. Accordingly, the requirements of § 1129(a)(7)(B) of the Bankruptcy Code do not apply in this case.

23.     Pursuant to § 1129(a)(8) of the Bankruptcy Code[2]:

---

[2] See Verified Summary of Ballots. Docket No. 802.

(i) Class 1 (SBA Towers Secured Claim) is unimpaired and deemed to accept the Plan;

(ii) Class 2 (Baker Secured Claim) is unimpaired and deemed to accept the Plan;

(iii) Class 3 (Priority Non-Tax Claims) is unimpaired and deemed to accept the Plan;

(iv) Class 4 (General Unsecured Claims) is impaired and all creditors submitting valid ballots have accepted the Plan;

(v) Class 5 (Late-Filed Claims) is impaired and all creditors submitting valid ballots have accepted the Plan;

(vi) Class 6 (Subordinated Insider Claims) is impaired and and all creditors submitting valid ballots have accepted the Plan;

(vii) Class 7A (Revenant Denver Shareholders) is impaired and all creditors submitting valid ballots have accepted the Plan; and

(viii) Class 7B (Revenant Eagle Preferred Shareholder) is impaired and did not vote.

24. All Classes except Class 7B have voted to accept the Plan. However, because 7B consists of a single interest and the holder did not vote, that class is deemed to accept the Plan under *In re Ruti-Sweetwater, Inc.*, 836 F.2d 1263, 1266 (10th Cir. 1988). As a result, § 1129(a)(8) is satisfied.

25. Alternatively, under § 1129(b)(1) of the Bankruptcy Code, if all of the applicable requirements of § 1129 (a) other than (a)(8) are met with respect to a plan, the court, on request of the proponent of the plan, shall confirm the plan notwithstanding the requirements of such paragraph if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan. Under § 1129 (b)(2)(C)(i)(C), a plan is fair and equitable if the plan provides that each holder of an interest of such class receive or retain on account of such interest property of a value, as of the effective date of the plan, equal to the greatest of the allowed amount of any fixed liquidation preference to which such holder is entitled, any fixed redemption price to which such holder is entitled, or the value of such interest. The value of the preferred Equity Interest in Revenant Eagle is currently $0. Holder, the Revenant Eagle Preferred Shareholder is receiving $100,000 is exchange for such Equity Interest. Thus, the Plan meets the requirements of § 1129(b).

26. Confirmation of the Plan is not likely to be followed by the need for further financial reorganization of Debtors. *[Verified Statement, ¶¶ 10, 11]* Therefore, the Plan satisfies the requirements of § 1129(a)(11) of the Bankruptcy Code.

27.     All fees Quarterly UST Fees have been paid, or the Plan provides for payment of such fees when due. [*Plan Article 9D*]  Debtors have adequate means to pay all such fees with cash on hand. Therefore, the Plan satisfies the requirements of § 1129(a)(12) of the Bankruptcy Code.

28.     Because Debtors maintain no retiree benefit plans within the meaning of § 1114, the provisions of § 1129(a)(13) of the Bankruptcy Code do not apply.

29.     Because Debtors are not required to pay a domestic support obligation, the provisions of § 1129(a)(14) of the Bankruptcy Code do not apply.

30.     Because Debtors are not individuals, the provisions of § 1129(a)(15) of the Bankruptcy Code do not apply.

31.     Since Debtors are business corporations, the provisions of § 1129(a)(16) of the Bankruptcy Code do not apply.

**WHEREFORE**, Debtor respectfully requests the Court to enter an order confirming the Plan, the proposed form of which is filed with this Offer.


Dated: August 26, 2022                          Respectfully submitted,


**ONSAGER | FLETCHER | JOHNSON LLC**          **WEINMAN & ASSOCIATES, P.C.**

*s/  Alice A. White*                             *s/ Jeffrey A. Weinman*
     Andrew D. Johnson, #36879          Jeffrey A. Weinman, #7605
     Alice A. White, #14537               730 17th Street, Suite 240
600 17th Street, Suite 425 North          Denver, CO 80202-3506
Denver, Colorado 80202                    Telephone: (303) 572-1010
Ph: (720) 457-7061                          Facsimile: (303) 572-1011
ajohnson@OFJlaw.com                       jweinman@weinmanpc.com
awhite@ofjlaw.com                         *Attorneys for Revenant Durango Inc.*
*Attorneys for Revenant Denver Inc.*


**BELL, GOULD, LINDER, AND SCOTT, P.C.**

*s/ Gregory S. Bell*
Gregory S. Bell, # 9630
318 East Oak Street
Fort Collins, CO 80524
Ph: (970) 493-8999
gbell@bell-law.com
*Attorneys for Revenant Eagle Inc*


6

## CERTIFICATE OF SERVICE

I certify that on August 26, 2022. I served a complete copy of the foregoing, exhibit and proposed order on the following parties (and any and all parties requesting notice) through the court's CM/ECF system pursuant to the Federal Rules of Bankruptcy Procedure and the Court's Local Rules:

| | | |
|---|---|---|
| Duncan E. Barber | Aaron Hammer | Lucas Schneider |
| Gregory S. Bell | Theodore J. Hartl | Scott Neil Schreiber |
| Kelsey Jamie Buechler | Jessica Hoff | Michael Schuster |
| Chad S. Caby | James B. Holden | Rachel A. Sternlieb |
| Peter A. Cal | Guy B. Humphries | Robert Bruce Thompson III |
| Robertson B. Cohen | Andrew Lillie | Jeffrey Weinman |
| Aaron J. Conrardy | David Miller | Deanna Westfall |
| Nathan Delman | Timothy C. Mohan | Doroteya N. Wozniak |
| Jonathan Dickey | Alan K. Motes | |
| Michael T. Gilbert | Kevin S. Neiman | |
| Lance J. Goff | Matthew S. Rork | |

*s/ Barbara A. Moss*